IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:26-cr-00187 |
| | ) | |
| | ) | JUDGE FRENSLEY |
| ARON CAPPS | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America by Braden H. Boucek, United States Attorney, and Brian Enright, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter.

In this case, the defendant is charged with distributing and possessing with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a class II controlled substance, in violation of 21 U.S.C. 841(a)(1).

Federal law states that "the judicial officer *shall* hold a hearing to determine whether any conditions or combination of conditions . . . will reasonably assure . . . the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(f)(1)(C) (emphasis added).

The government further submits that a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" exists in this case. 18 U.S.C. § 3142(f)(1)(C) That presumption is triggered "if the judicial officer finds that there is probable cause to believe that the person

committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)." *Id.* In this case, the "grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Because the defendant stands charged by indictment of violations of 21 U.S.C. § 841(a)(1) and (b)(1)(A), there is "probable cause to believe" that the defendant committed an offense that triggers the rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A).

The United States submits that at a hearing in this matter, it would establish that the Defendant, Aron Capps sold two undercover ATF agents approximately 26 grams of suspected fentanyl, a class II controlled substance in Nashville, Tennessee, on June 25, 2026. That substance field-tested positive for fentanyl.

The United States submits that the evidence of dangerousness is strong. Based on these facts, the United States respectfully submits that "no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney

By:

*<u>/s/ Brian Enright</u>*
BRIAN ENRIGHT
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: (615) 736-5151